UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONI K. CLAIBORNE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:01-cv-1234 RLY/KPF |
| | ) | |
| ROY WISDOM, | ) | |
| MITCH LOTT, | ) | |
| DRAKE TERRACE APARTMENTS, | ) | |
| PURITAN HOME FUNDING, | ) | |
|     Defendants, | ) | |
| | ) | |
| LEE, BURNS, COSSELL & KUEHN, LLP, | ) | |
|     Intervenor. | ) | |

**ENTRY ON (1) INTERVENOR'S MOTION TO DIRECT CLERK TO RELEASE FUNDS ON DEPOSIT AND (2) DEFENDANTS' MOTION TO DISBURSE FUNDS TO DEFENDANTS**

This matter comes before the court on the parties' motions requesting release and/or disbursement of the funds on deposit from the law firm of Lee, Cossell, Kuehn & Love, LLP ("the Law Firm"). The court, having considered the parties' various submissions on this issue, having heard oral argument on the issue, and being duly advised, finds in its discretion as follows:

**I.      Factual Background**

The court assessed sanctions in the amount of $143,677.37 against Plaintiff Toni K. Claiborne and her attorney, Elaine P. Boyd, and, later, the Law Firm. Each sanctioned

party appealed separately, with the Law Firm represented by counsel, and with Ms. Boyd proceeding pro se.  The Law Firm moved to and deposited with the Clerk the sum of $143,677.37.  Defendants did not object to or ask for conditions upon the deposit.  When the Law Firm deposited these funds, it did so on its own behalf, neither for the benefit of nor on behalf of Ms. Boyd.  Contrary to the Defendants' assertion, Magistrate Judge Foster's March 14, 2004 Order allowing the funds to be deposited did not "explicitly advise[] [the Law Firm] that its deposit would be used to secure the judgment against the law firm and Ms. Boyd, its employee."  Nor did anything in Magistrate Judge Foster's Order provide that if the Law Firm deposited funds, but prevailed on appeal (as it did), it would forfeit its deposit.

The monies deposited were the property of the Law Firm.  At the time of deposit and thereafter, Ms. Boyd was not an employee of the Law Firm.  No one from the Law Firm ever told Ms. Boyd nor opposing counsel that the Law Firm was depositing funds on Ms. Boyd's behalf.  From the date of the sanctions judgment against Ms. Boyd until the date that the Law Firm deposited funds with the Clerk, Defendants did not take efforts to collect the judgment from Ms. Boyd.  The only communication was a February 11, 2004 letter in which Defendants' counsel stated that Defendants "may" seek collection under the Fair Debt Practices Act.  In the following paragraph of that letter, Defendants' counsel changed course, stating that Defendants "will be attempting to collect debt," while at the same time, acknowledging that he was not a "debt collector by profession or practice."  In any event, no actual collection efforts were ever undertaken.  Ms. Boyd has not at any

time had funds to pay the judgment, and her financial condition has not changed.

The Seventh Circuit affirmed the sanctions against Plaintiff and Ms. Boyd but reversed the award against the Law Firm. *See Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005). In light of that development, the Law Firm requested that the Clerk be directed to release the funds on deposit and make them payable to the order of Lee, Cossell, Kuehn & Love, LLP, the depositing party.

## II.     Discussion

### A.     The Deposited Funds Are not the Property of Defendants

It is undisputed that the monies on deposit were never the property of Defendants. The Defendants do not contend otherwise. The monies were deposited by the Law Firm. The only potential claim that Defendants ever had to the monies was by virtue of the judgment entered against the Law Firm. When the Seventh Circuit reversed the sanctions against the Law Firm, the Defendants had no legal interest in the funds on deposit.

"The purpose of Rule 67 is 'to relieve the depositor of responsibility for a fund in dispute,' such as in an interpleader action." *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987). "The 1983 amendment to Rule 67 makes clear that the depositor may have an interest in the deposited funds. Once funds are deposited, the court should determine ownership and make disbursements." *Id. Accord*, *Qwest Corp. v. Koppendrayer*, 2004 U.S. Dist. LEXIS 20861 (D. Minn. 2004) ("Once the Court accepts funds, pursuant to Rule 67, the Court must hold the deposit as trustee for the true owner or owners until the court determines how the funds should be dispersed among the

parties to the suit."). "Money paid into court is held only for those persons judicially found by the court to be entitled to it." 12 *Wright & Miller*, § 2992, p. 63 (2d ed. 1997). "In the absence of a stipulation the court will determine to whom the fund is to be paid." *Id.* at 64. "The right to recover from a fund deposited in court must be based on the strength of the title of the claimant and not on the weakness of the title or another claimant." *Craig's Stores of Texas v. Bank of La.*, 402 F.2d 522, 530 (5th Cir. 2005) (reversing district court releasing funds to bank and ordering funds returned to depositor). Now that the sanctions judgment against the Law Firm has been reversed, the monies on deposit should be returned to the depositing party, the Law Firm. *Cf.*, *Dale M. v. Board of Educ.*, 237 F.3d 813, 815 (7th Cir. 2001) (party who "pays the judgment pending appeal instead of posting a supersedeas bond . . . is entitled to the return of its money if the decision is reversed"). The Law Firm deposited those funds on its own behalf, and with the Seventh Circuit's reversal, those funds should now be returned to the Law Firm.

**B.     There Is No Estoppel Basis to Award the Funds to Defendants**

Unable to claim ownership, Defendants argue what appears to be an estoppel theory, asserting without supporting evidence that they were "prohibited from executing the judgment" against Ms. Boyd. This assertion is unsupported by evidence or law.

First, Defendants took no efforts to execute on the judgment against Ms. Boyd prior to the Law Firm depositing its funds with the Clerk. So there is no basis to now claim the right to the funds on deposit when Defendants did not execute on the judgment prior to such deposit. This distinguishes this case from *Scholz Homes, Inc. v. Larson*, 437

F.2d 1060 (7th Cir. 1971). In *Scholz Homes*, the party with the judgment was aggressively seeking collection prior to stay, including through court collection proceedings. Detrimental reliance was apparent. The Seventh Circuit thus affirmed the district court's ruling in the exercise of discretion. This court, under these different facts, is not required to reach the same result.

Second, it is undisputed that during the relevant time period, Ms. Boyd has not had the financial resources to pay the six-figure judgment. Moreover, her financial condition has not changed during this time period. Thus, there has been no detrimental reliance or harm to Defendants.

Third, the Defendants were not prohibited by the Fair Debt Collection Practices Act from seeking to collect from Ms. Boyd prior to the funds being deposited by the Law Firm. The Act simply does not apply to this sanctions judgment, and the Act would not have prevented collection efforts in any event.

### C. The Law Firm Is Innocent in this Procedural Setting

Finally, the court finds that the Law Firm is innocent in this procedural setting. The Law Firm relied on counsel to effect the appeal and provide a procedural means to secure the judgment rendered against the Law Firm. Rather than post a bond, the Law Firm put forth its own capital and placed it on deposit with the court. Defendants seek to gain an unwarranted procedural advantage by trying to imply terms and conditions into Magistrate Judge Foster's Order allowing the funds to be deposited. Magistrate Judge Foster's Order did not say, and the Law Firm did not agree, that if the Law Firm prevailed

in its appeal but Ms. Boyd failed in her appeal, the Law Firm's funds were to become the Defendants' property.

## III.     Stay Execution Pending Appeal

In their papers and at the December 15, 2005 oral argument of this matter, Defendants requested that in the event the court decides the funds should be released to the Law Firm, the court issue a stay of that order pending an appeal of this matter.  The court hereby **GRANTS** Defendants' request.

### IV. Conclusion

Defendants have not met their burden to show entitlement to the funds deposited by the Law Firm. Therefore, the court, in its discretion, **GRANTS** the Law Firm's Motion to Direct Clerk to Release Funds on Deposit, and **DENIES** the Defendants' Motion to Disburse Funds to Defendants. This order is **STAYED**, however, pending Defendants' appeal of this matter.

**SO ORDERED** this  5th   day of January 2006.

                                                              _____
                                                              RICHARD L. YOUNG, JUDGE
                                                              United States District Court
                                                              Southern District of Indiana

Electronic Copies to:

Hamid R. Kashani
hkashani@aol.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Copies to:

Jody H. Odell
BARNES & THORNBURG
600 1st Source Bank Ctr
100 N. Michigan
South Bend, IN 46601

Elaine Perran Boyd
P.O. Box 361247
Indianapolis, IN 46236